1

2

3

4

5

6

7

8    UNITED STATES DISTRICT COURT

9    SOUTHERN DISTRICT OF CALIFORNIA

10

11   JAVIER M. PEREZ, *et al.*,                  )    Civil No. 09cv1392-L(JMA)
                                                 )
12              Plaintiffs,                      )    **ORDER GRANTING MOTION TO**
                                                 )    **SUBSTITUTE THE FDIC AS**
13   v.                                          )    **RECEIVER AND IN PLACE FOR**
                                                 )    **DEFENDANT INDYMAC FEDERAL**
14   SAXON MORTGAGE SERVICES, INC.,              )    **BANK, FSB AND DISMISSING THE**
     *et al.*,                                   )    **FDIC FROM THE ACTION**
15                                               )
                Defendants.                      )
16   _____    )

17        On June 5, 2009 Plaintiff, proceeding *pro se*, filed a complaint seeking to set aside a

18   foreclosure sale.  Defendants Countrywide Home Loans, Inc. ("Countrywide") and Bank of

19   America Corp. ("Bank of America") removed this action from state court based on federal

20   question jurisdiction.  Federal Deposit Insurance Corporation ("FDIC") filed a motion to (1)

21   substitute the FDIC, as receiver, in place of Defendant IndyMac Federal Bank, F.S.B.

22   ("IndyMac"), and (2) dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1)

23   for lack of subject matter jurisdiction or, alternately, stay the action pending Plaintiff's

24   exhaustion of the administrative claims process and transfer venue.  Plaintiff did not file an

25   opposition.  For the reasons which follow, the motion is **GRANTED**.

26        Plaintiff alleges that on December 10, 2004 he purchased a property located at 7590

27   Saranac Avenue in La Mesa, California ("Property") and financed the purchase with a mortgage.

28   (Compl. at 3.)  In 2006 he refinanced the mortgage with IndyMac and Bank of America

1  Corporation.  (*Id.*)  A Deed of Trust dated December 13, 2006 was recorded showing that

2  Plaintiff borrowed $416,000 from IndyMac secured by the Property.  (Request for Judicial

3  Notice filed Sep. 22, 2009 Ex. A.)[1]  Plaintiff contacted IndyMac and Bank of America in an

4  attempt to renegotiate the loan.  (*Id.*)  In the belief that an agreement will be reached, he stopped

5  making payments.  (*Id.*)  He claims that an oral agreement was reached in August 2008.  (*Id.*)

6  However, on December 11, 2008 a notice of default was recorded.  (Ex. B.)  On April 1, 2009

7  the Property was foreclosed.  (*Id.* Ex. D.)  Plaintiff alleges that Defendants Saxon Mortgage

8  Services, Inc., Countrywide Home Loans, Bank of America and IndyMac breached a contract

9  they had with him, committed fraud and accounting violations, and violated the Truth in Lending

10  Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA"), the Real Estate Settlement Procedure Act, 12 U.S.C.

11  § 2601 *et seq.* ("RESPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*

12  ("FDCPA").  Plaintiff seeks to set aside the foreclosure and collect damages.

13       On July 11, 2008, the FDIC was appointed receiver and conservator for IndyMac.

14  Pursuant to 12 U.S.C. Section 1821(d), the FDIC became IndyMac's successor-in-interest and is

15  therefore the real party in interest in this action.  Accordingly, the FDIC's motion to substitute as

16  the receiver in place of IndyMac is granted.

17       The FDIC moves to dismiss all claims asserted against it, or in the alternative, stay the

18  action and transfer venue, because Plaintiff failed to exhaust administrative remedies.  In cases

19  where, as here, the action is filed after the FDIC is appointed receiver, 12 U.S.C. Section

20  1821(d)(13)(D) precludes jurisdiction of any court over

21       (i) any claim or action for payment from, or any action seeking a determination of
         rights with respect to, the assets of any depository institution for which the [FDIC]
22       has been appointed receiver, including assets which the [FDIC] may acquire from
         itself as such receiver; or
23       (ii) any claim relating to any act or omission of such institution or the [FDIC] as
         receiver.

24

25  Courts lack jurisdiction over a claimant's claim until the claimant exhausts the administrative

26  claims process as stated in 12 U.S.C. Section 1821(d).  *Henderson v. Bank of New England*, 986

27

28       [1]       The court hereby takes judicial notice of public records which have been filed in
    this case.  *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

1 F.2d 319, 320-21 (9th Cir. 1993).  However, judicial review is available after the administrative

2 process is completed, as provided in 12 U.S.C. Section 1821(d)(6)(a).  *McCarthy v. F.D.I.C.*,

3 348 F.3d 1075, 1078 (9th Cir. 2003).

4      As required by 12 U.S.C. Section 1821(d)(3), the FDIC published notice regarding the

5 filing of claims and set October 14, 2008 as the claims bar date.  (Decl. of Leslie T. Riasanovsky

6 in Supp. of Mot. ("Riasanovsky Decl.") Ex. B.)  According to the FDIC, Plaintiff did not timely

7 file a claim.  (P.&A. at 6.)[2]  If a claim is not timely filed, it must be denied.  12 U.S.C.

8 § 1821(d)(5)(C)(i).  An untimely claim may be considered by the FDIC if the claimant shows he

9 "did not receive notice of the appointment of the receiver in time to file such claim before [the

10 claim bar date]; and [] such claim is filed in time to permit payment of such claim."  *Id*.

11 § 1821(d)(5)(C)(ii).

12      On April 28, 2009 the FDIC sent Plaintiff a Notice to Discovered Creditor – Proof of

13 Claim, informing him of the showing he would have to make if he wanted his untimely claim to

14 be considered.  (Riasanovsky Decl. at 2 & Ex. C.)  However, the notice was returned as

15 undeliverable.  (*Id*. at 2.)  On August 4, 2009 counsel for the FDIC attempted to contact Plaintiff

16 by telephone and left a message, but no return call was received.  (*Id*. at 2-3.)

17      Based on the record before the court, Plaintiff has not filed a claim with the FDIC and has

18 not exhausted administrative remedies.  The court therefore lacks subject matter jurisdiction over

19 Plaintiff's claims against the FDIC, and the claims asserted against the FDIC are dismissed.

20 Because the claims are dismissed, the court need not consider the FDIC's alternative request for

21 a stay and transfer of venue.

22 / / / / /

23 / / / / /

24 / / / / /

25 / / / / /

26 _____

27      [2]      The FDIC's counsel does not cover this issue in the declaration filed in support of
the motion.  Plaintiff has not filed an opposition.  The court therefore has not reason to
28 disbelieve the FDIC's representation in its memorandum of points and authorities that Plaintiff
has not filed a claim.

1    Accordingly, the FDIC's motion to (1) substitute the FDIC, as receiver, in place of

2  Defendant IndyMac, and (2) dismiss the complaint as to the FDIC for lack of subject matter

3  jurisdiction is **GRANTED**.

4    **IT IS SO ORDERED**.

5

6  DATED:  March 22, 2010

7
_____
8  M. James Lorenz
United States District Court Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

09cv1392